UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RAMON CLARK,<br><br>Plaintiff,<br><br>v.<br><br>DR. MOLLY BROWN, et al.,<br><br>Defendants. | Case No. 21-09230 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, who is currently housed at Napa State Hospital, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against various medical professionals at the "Golden Gate Conrep." Dkt. No. 1 at 2. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff names the following as Defendants in this action: Dr. Molly Brown, psychologist and director of Golden Gate Conrep[1]; Dr. Elizabeth Cale, primary psychologist at Golden Gate Conrep; Dr. Lynnette Suarez, psychologist at Golden Gate Conrep; and Heather Tegeler, therapist at Golden Gate Conrep. Dkt. No. 1 at 2. Plaintiff claims Dr. Brown "committed perjury on the witness stand in [his] March 2018 hearing," claiming Plaintiff was not taking his medication, which "cost [Plaintiff his] freedom." *Id.* Plaintiff next claims that during a weekly meeting on January 5, 2018, with Dr. Cale, she began questioning him "in inter[r]ogating manner" about his relationship with his roommate who claimed Plaintiff was keeping him up at night. *Id.* at 3. Plaintiff claims that on January 6, 2018, Dr. Suarez called police, claiming Plaintiff was agitated and exhibiting signs of paranoia; police arrested Plaintiff, but did not note any of these behaviors in their report. *Id.* Lastly, Plaintiff claims that while he was in County Jail, "Heather" made "licensed decision" in his case although she was not "licensed." *Id.* For relief, Plaintiff "never want[s] these incompetent health care providers to work in the

---

[1] According to the California Department of State Hospitals website, "CONREP" stands for Conditional Release Program, which is a "statewide system of community based services which treats patients with the following commitment types: Not Guilty by Reason of Insanity, Incompetent to Stand Trial, Mentally Disordered Offenders, and some parolees who have been released to outpatient status." https://www.dsh.ca.gov/Treatment/Conditional_Release.html
Golden Gate Conrep appears to be one of these community based services, located in San Francisco.

2

medical field again," and damages. *Id.*

There are several problems with this complaint. Assuming that the staff members of Golden Gate Conrep are state actors to satisfy the second element of a § 1983 claim, Plaintiff does not satisfy the first element. Except for his claim against Dr. Brown involving the loss of his freedom, it is unclear from these brief allegations what constitutional right was violated by the other Defendants. There is no indication that being interrogated about his relationship with his roommate, calling the police because of Plaintiff's concerning behavior, and the making of decisions while unlicensed resulted in the deprivation of a constitutional right. Furthermore, with regards to Dr. Brown, even if her actions resulted in Plaintiff's unlawful confinement, then such a claim must be raised in a habeas action rather than a civil rights complaint.[2]

Even if the claims were properly raised in this civil complaint and adequately pleaded, these four separate claims against four different individuals clearly violate Federal Rules of Civil Procedure 18(a) and 20(a), the requirements for joinder of claims and parties. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the

---

[2] Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). If Plaintiff is challenging the constitutionality of state civil commitment proceedings, he may do so by filing a federal habeas corpus action once state remedies have been exhausted. See Nelson v. Sandritter, 351 F.2d 284, 285 (9th Cir. 1965); see Duncan v. Walker, 533 U.S. 167, 176 (2001) (a petition under 28 U.S.C. § 2254 may be the proper basis for a challenge from a person in state custody pursuant to an order of civil commitment).

3

number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).  With respect to the joinder of Defendants, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). All the claims are against different Defendants, and none of the claims arise out of the same transaction or occurrence.  Accordingly, the claims and Defendants are improperly joined.

Plaintiff shall be afforded one opportunity to file an amended complaint in which to state sufficient factual allegations to support his claims.  Furthermore, any claims included must comply with both Rules 18(a) and Rule 20(a).  In preparing an amended complaint, Plaintiff should keep the following legal principles in mind.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  To state a claim that is plausible on its face, a plaintiff must allege facts that

4

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 21-09230 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of

5

this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:  __April 5, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.21\9230Clark_dwlta